IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GRACE LYN HARVEY D/B/A GLM REALTY GROUP LLC, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:22-cv-64-B-BN |
| UNITED STATES ATTORNEY BARRY JOHN BROOKS, ET AL., | § § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Grace Lyn Harvey d/b/a Realty Group LLC (Harvey), attempting to avoid foreclosure on a home, filed a *pro se* action in state court – alleging fraud, breach of contract, and violation of federal laws – that was removed to federal court. *See Harvey v. Velocity Commercial Capital Loan Tr.*, No. 3:20-cv-2129-E-BK (N.D. Tex.) (*Harvey I*). In that case, still pending in this district, U.S. Magistrate Judge Renee Harris Toliver entered a recommendation to U.S. District Judge Ada Brown on January 10, 2021 that the defendants' motions to dismiss be granted, that Harvey and/or her associated entity be ordered to retain counsel, and that, if counsel is not retained, the lawsuit be dismissed without prejudice. *See id.*, Dkt. No. 50.

The next day, Harvey filed this lawsuit *pro se* against Judge Brown, Judge Toliver, lawyers and entities that appear to be associated with *Harvey I*, and a fictitious entity identified as the United States Attorney, requesting damages for violations of her civil rights under 42 U.S.C. § 1983 and asserting claims under the

"Tuckers Act" and the Administrative Procedures Act (the APA). *See* Dkt. No. 3. Harvey paid the filing fee. And United States District Judge Jane J. Boyle referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 6.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit with prejudice. And, for the reasons set out below, the undersigned will enter a separate order directing the Clerk of Court to refrain from issuing summonses in this matter until Judge Boyle rules on these findings, conclusions, and recommendation and quashing all summonses in this case that may have already been issued to Harvey.

## Legal Standards

Even outside the context of suits filed *in forma pauperis* and suits by prisoners against the government and its officers and employees, *see* 28 U.S.C. §§ 1915, 1915A, "[i]t is well-established that a district court may dismiss a complaint on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *review denied*, 140 S. Ct. 142 (2019) ("A district court may exercise its inherent authority ... to dismiss a complaint

on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

## Analysis

Harvey summarizes her allegations as that the defendants "acted with deliberate indifferent to the Constitution and or federal laws when they violated [her] rights under [Section 1983], and the plaintiff's right to 'due process'" by "conspir[ing] in [*Harvey I*] to steal [her] property without an injured party to provide the court with jurisdiction, without the original contract filed in the court to provide with

jurisdiction, and without due process of law." Dkt. No. 3 at 3-4.

Beginning with Harvey's claims against Judge Brown and Judge Toliver, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Examining Harvey's limited factual allegations specific to judicial actions, Harvey claims that she did not consent to Judge Toliver's jurisdiction. *See* Dkt. No. 3 at 4-5. Contrary to Harvey's contention, Judge Toliver did not act outside her

jurisdiction in *Harvey I*.

A party may freely withhold her consent to a magistrate judge's "conduct[ing] any or all proceedings in a jury or nonjury civil matter and order[ing] the entry of judgment in the case." 28 U.S.C. § 636(c)(1); *see id.* § 636(c)(2) (requiring that a magistrate judge "advise the parties that they are free to withhold consent without adverse substantive consequences"). But,

> under [28 U.S.C.] § 636(b)(1)(B), the court may authorize [a magistrate judge] "to conduct hearings and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of motions excepted under [28 U.S.C.] § 636(b)(1)(A). After such a recommendation, the parties may submit written objections within fourteen days after receiving a copy of the recommendation and may have their objections reviewed de novo by the district court.

*McFaul v. Valenzuela*, 684 F.3d 564, 579 (5th Cir. 2012) (cleaned up; citing 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)).

And the Fifth Circuit has held that when this procedure is followed – as routinely occurs in this Court – a magistrate judge "properly ... enter[s] a recommendation on a [dispositive matter] despite a [party's] failure to consent to" the magistrate judge. *Id.*; *see, e.g.*, *Bank of N.Y. Mellon v. Coleman*, No. 3:13-cv-1329-O, 2013 WL 4525746, at *1 (N.D. Tex. Aug. 27, 2013) ("Magistrate Judge Toliver did not enter judgment, but only made a recommendation on Plaintiffs' motion to remand, which does not require consent of the parties." (citing *Ybarra v. Meador*, 427 F. App'x 325, 327 (5th Cir. 2011) (per curiam); *Nixon v. GMAC Mortg. Corp.*, 408 F. App'x 833, 833 (5th Cir. 2011) (per curiam))); *accord Bailey v. Tex. Dep't of Health & Human Servs.*, No. 3:17-cv-1434-N-BN, 2017 WL 2838154, at *1-*2 (N.D. Tex. June 8, 2017), 2017 WL 2838177 (N.D. Tex. June 30, 2017); *cf. Flentroy v. Lamb*, 467 F. App'x 291,

292 (5th Cir. 2012) (per curiam) ("Flentroy argues that the district court's acceptance of a magistrate judge's recommendation was erroneous because he notified the court that he did not consent to proceed before the MJ. This contention is frivolous as the proceedings before the magistrate judge were conducted pursuant to 28 U.S.C. § 636(b), which does not require consent of the parties.").

In sum, a magistrate judge to whom a case is referred for pretrial management making a recommendation to a district judge on a dispositive motion is a normal judicial function undertaken with jurisdiction. Harvey's claims against Judge Brown and Judge Toliver are therefore barred by judicial immunity.

Next, insofar as Harvey requests damages under Section 1983 alleging that her constitutional rights have been violated while litigating *Harvey I* (in federal court), "[a] plaintiff makes out a § 1983 claim if he 'shows a violation of the Constitution or of federal law, and then shows that the violation was committed by someone acting under color of state law,'" *Rich v. Palko*, 920 F.3d 288, 293-94 (5th Cir. 2019) (cleaned up; quoting *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting, in turn, *United States v. Classic*, 313 U.S. 299, 326 (1941))). But "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." *Mills*

*v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *cf. Sellers v. Haney*, 639 F. App'x 276, 277 (5th Cir. 2016) (per curiam) ("The district court properly concluded that Sellers's defense attorneys were not state actors." (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 317-18 (1981))).

So, even putting aside that Harvey's litigating in federal court is the basis for her seeking compensation under a statute limited to state action, the Section 1983 claims against the attorneys in *Harvey I* should be dismissed with prejudice. And Harvey otherwise fails to plausibly allege that any defendant she has named in this suit acted under color of state law.

The undersigned further finds that the facts that Harvey alleges do not state claims under either the APA or the Tucker Act.

The APA "authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Mendoza-Tarango v. Flores*, 982 F.3d 395, 399-400 (5th Cir. 2020) (quoting 5 U.S.C. § 702). But Harvey does not allege that an act by a federal agency adversely affected her.

The Tucker Act waived the federal government's "immunity for certain damages suits in the Court of Federal Claims." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020) (citations omitted). "That statute permits 'claim[s] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in

cases not sounding in tort.'" *Id.* (quoting 28 U.S.C. § 1491(a)(1)). "The Tucker Act, however, does not create 'substantive rights.'" *Id.* (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)).

Regardless, Harvey has not sued the United States (much less in the Court of Federal Claims). And, while she names as a defendant in this civil suit an individual she labels as the United States Attorney, she alleges no facts to support claims against the United States or an agency, officer, or employee of the United States (or to show that the United States has waived its sovereign immunity as to any claims Harvey may make against it).

Finally, for these reasons, the undersigned will enter a separate order (1) directing the Clerk of Court to refrain from issuing summonses in this matter until Judge Boyle rules on the FCR and (2) quashing all summonses that may have already been issued to Harvey in this case. *Cf. Hamm v. Obama*, Civ. A. No. 11-1429(BAH), 2011 WL 10604622, at *1 (D.D.C. Aug. 31, 2011) ("For the following reasons, the Court, having liberally read the instant complaint [filed with the applicable fee], finds the complaint to be frivolous. It therefore will dismiss the case and quash the summonses.").

**Recommendation**

The Court should dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 13, 2022

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE